UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL DALLAS SEAGRAVES, | |
| Plaintiff, | Case No. 2:19-cv-00083 |
| v. | Chief Judge Waverly D. Crenshaw, Jr. |
| | Magistrate Judge Alistair E. Newbern |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

To:   The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

Plaintiff Michael Dallas Seagraves filed this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) denying his applications for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–34, 1381–85. (Doc. No. 1.) The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 4.) Now before the Court is Seagraves's motion for judgment on the administrative record (Doc. No. 17), to which the Commissioner has responded in opposition (Doc. No. 19). Having considered the parties' arguments and the administrative record as a whole, and for the reasons that follow, the Magistrate Judge will recommend that Seagraves's motion be denied.

## I.      Background

### A.      Seagraves's DIB and SSI Applications

Seagraves applied for DIB and SSI on May 2, 2016, alleging that he has been disabled and unable to work since June 24, 2015, as a result of nine inoperative compression fractures in his

back, hypertension, a traumatic concussion with right eye blurriness, a right orbital/maxillary facture, post-concussion syndrome with short term memory deficit, a history of remote right brainstem lacunar infarct, B12 deficiency, possible osteoporosis, and gastroesophageal reflux disease (GERD). (AR 65–66, 79–80.[1]) The Commissioner denied Seagraves's applications initially and on reconsideration. (AR 77, 78, 123, 124.) At Seagraves's request, an administrative law judge (ALJ) held a hearing on December 12, 2017. (AR 33–64,146.) Seagraves appeared with counsel and testified. (AR 35–55.) The ALJ also heard testimony from Jo Ann Bullard, a vocational expert (VE). (AR 56, 58–63.)

## B. The ALJ's Findings

On July 10, 2018, the ALJ issued a written decision finding that Seagraves was not disabled within the meaning of the Social Security Act and applicable regulations and denying his claims for DIB and SSI. (AR 15–27.) The ALJ made the following enumerated findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.
>
> 2. The claimant has not engaged in substantial gainful activity since June 24, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> \* \* \*
>
> 3. The claimant has the following severe impairments: post-concussion syndrome; ocular trauma to right eye with peripheral vision loss, status-post traumatic brain injury; pulmonary scarring due to 2014 pulmonary function test; osteoporosis with history of six compression fractures in thoracic spine and three compression fractures in lumbar spine (20 CFR 404.1520(c) and 416.920(c)).
>
> \* \* \*
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of 12.02, 12.04, and 12.06 of the listed

---

[1]   The Transcript of the Administrative Record (Doc. No. 13) is referenced herein by the abbreviation "AR." All page numbers cited in the AR refer to the Bates stamp at the bottom right corner of each page.

2

impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited occasionally to climbing ramps and stairs; climbing ladders, ropes, and scaffolds; balancing; stooping; kneeling; crouching; and crawling. He is able to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles. He is able to read very small print. He is able to read ordinary newspaper or book print. He is able to view a computer screen. He is able to determine differences in shape and color of small objects such as screws, nuts, and bolts. Mentally, the claimant is able to understand, remember, and carry out simple and detailed instructions. He is able to maintain concentration and persistence for the above tasks. He is able to respond appropriately to supervisors, coworkers, and usual work situations. He is able to adapt to changes in the work setting.

\* \* \*

6.      The claimant is capable of performing past work as a production assembler (DOT 706.687-010), unskilled, light. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

\* \* \*

7.      The claimant has not been under a disability, as defined in the Social Security Act, from June 24, 2015, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(AR 17–26.) The Social Security Appeals Council denied Seagraves's request for review on September 3, 2019, making the ALJ's decision the final decision of the Commissioner. (AR 1–6.)

## C.      Appeal Under 42 U.S.C. § 405(g)

Seagraves filed this action for review of the ALJ's decision on October 26, 2019 (Doc. No. 1), and this Court has jurisdiction under 42 U.S.C. § 405(g). Seagraves argues that the ALJ erred in finding that he can return to his former work because the vocational expert's testimony was flawed. (Doc. No. 18.) The Commissioner argues that the ALJ's decision is supported by

3

substantial evidence and complies with SSA regulations. (Doc. No. 19.) Seagraves did not file an optional reply.

### D. Review of the Record

The ALJ and the parties have thoroughly described and discussed the medical and testimonial evidence in the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## II. Legal Standards

### A. Standard of Review

This Court's review of an ALJ's decision is limited to determining (1) whether the ALJ's findings are supported by substantial evidence and (2) whether the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405–06 (6th Cir. 2009)). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (alteration in original) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is less than a preponderance but "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (same). Further, "[t]he Social Security Administration has established rules for how an ALJ must evaluate a disability claim and has made promises to disability applicants as to how their claims and medical evidence will be reviewed." *Gentry*, 741 F.3d at 723. Where an ALJ fails to follow those rules or regulations, "we find a lack of substantial evidence, 'even where the conclusion of the ALJ may be justified based upon the record.'" *Miller*, 811 F.3d at 833 (quoting *Gentry*, 741 F.3d at 722).

## B.     Determining Disability at the Administrative Level

DIB and SSI benefits are available to individuals who are disabled, which is defined in this context as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (explaining that this definition applies in the DIB and SSI contexts).

ALJs must employ a "five-step sequential evaluation process" to determine whether a claimant is disabled, proceeding through each step until a determination can be reached. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). For purposes of this case, the regulations governing disability determination for DIB and SSI benefits are identical. *See Colvin*, 475 F.3d at 730 (citing 20 C.F.R. §§ 404.1520, 416.920). At step one, the ALJ considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). "[I]f the claimant is performing substantial gainful activity, then the claimant is not disabled." *Miller*, 811 F.3d at 834 n.6. At step two, the ALJ determines whether the claimant suffers from "a severe medically determinable physical or mental impairment" or "combination of impairments" that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "If the claimant does not have a severe impairment or combination of impairments [that meets the durational requirement], then the claimant is not disabled." *Miller*, 811 F.3d at 834 n.6. At step three, the ALJ considers whether the claimant's medical impairment or impairments appear on a list maintained by the Social Security Administration that "identifies and defines impairments that are of sufficient severity as to prevent any gainful activity." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). "If the claimant's impairment meets or equals one of the listings, then the ALJ will find the claimant disabled." *Miller*, 811 F.3d at 834 n.6. If

5

not, the ALJ proceeds to step four. *Combs*, 459 F.3d at 643; *see also Walker v. Berryhill*, No. 3:17-1231, 2017 WL 6492621, at *3 (M.D. Tenn. Dec. 19, 2017) (explaining that "[a] claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability and ends the inquiry"), *report and recommendation adopted by* 2018 WL 305748 (M.D. Tenn. Jan. 5, 2018).

At step four, the ALJ evaluates the claimant's past relevant work and "'residual functional capacity,' defined as 'the most [the claimant] can still do despite [his] limitations.'" *Combs*, 459 F.3d at 643 (first alteration in original) (quoting 20 C.F.R. § 404.1545(a)(1)); *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Past work is relevant to this analysis if the claimant performed the work within the past 15 years, the work qualifies as substantial gainful activity, and the work lasted long enough for the claimant to learn how to do it. 20 C.F.R. §§ 404.1560(b), 416.960(b). If the claimant's residual functional capacity (RFC) permits him to perform past relevant work, he is not disabled. *Combs*, 459 F.3d at 643. If a claimant cannot perform past relevant work, the ALJ proceeds to step five and determines whether, "in light of his residual functional capacity, age, education, and work experience," a claimant can perform other substantial gainful employment. *Id.* While the claimant bears the burden of proof during the first four steps, at step five the burden shifts to the Commissioner to "identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity and vocational profile." *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011). "Claimants who can perform such work are not disabled." *Combs*, 459 F.3d at 643; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III.      Analysis

Seagraves's primary argument is that the ALJ erred by relying on Bullard's testimony because Bullard incorrectly identified his past work in the automobile industry as having been a

production assembler instead of a motor vehicle assembler and her testimony about the production assembler position conflicted with the Dictionary of Occupational Titles (DOT). (Doc. No. 18.) Because the administrative record shows that Seagraves failed to cross-examine Bullard at the administrative hearing, he has forfeited any argument that the ALJ's reliance on her testimony was reversible error. *See Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 636 (6th Cir. 2016) ("Because [claimant] failed to probe this alleged deficiency at the ALJ hearing, she forfeited this argument."); *Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 982 (6th Cir. 2011) ("Yes, the vocational expert's testimony could have been further refined; but as the district court pointed out, plaintiff's counsel had the opportunity to cross-examine, but asked only one question and did not probe the deficiency now identified on appeal.").

Even if Seagraves had not waived this argument, it would nevertheless fail on the merits. Seagraves presents virtually no legal support for his position that the ALJ erred by relying on Bullard's testimony regarding Seagraves's previous work. His brief in support of judgment on the administrative record quotes a few sentences from Social Security Ruling 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000), without citation, but fails to cite any case law applying or interpreting that ruling in factual circumstances similar to those presented here. (Doc. No. 18.) Seagraves has not offered any other legal authority supporting his argument.

The Commissioner argues, and this Court finds, that "the relevant inquiry is whether [Seagraves] could return to his past *type* of work rather than his past job[.]" *Studaway v. Sec'y of Health & Hum. Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987) (emphasis added). Seagraves has not argued that production assembler was outside the realm of his past type of work. The only descriptive testimony he provided at the administrative hearing regarding his past automotive industry work was that it involved "[a]ssembly of a vehicle." (AR 39.) Further, "[a] vocational

expert is uniquely qualified to determine how jobs are categorized or classified in the DOT."

*Spencer v. Comm'r of Soc. Sec.*, No. 1:13cv454, 2014 WL 4351418, at *4 (S.D. Ohio Sept. 2, 2014) (citing SSR 00-4p, 2000 WL 1898704, at *2–3)). The ALJ's determination, based on Bullard's hearing testimony, that Seagraves was "capable of performing past work as a production assembler (DOT 706.687-010), unskilled, light" is thus supported by substantial evidence. (AR 25.)

Finally, Seagraves has not shown reversible error due to a conflict between Bullard's testimony and the DOT.[2] Bullard testified that the production assembler position was categorized as light, unskilled work with a specific vocational preparation (SVP) level of seven.[3] (AR 59.) Seagraves argues that this SVP level conflicts with the DOT's assignment of an SVP level of two to the production assembler position. (Doc. No. 18.) *See* Assembler, Production, DOT 706.687-010, 1991 WL 679074 (4th ed. revised 1991) (indicating SVP level of two); SSR 00-4P, 2000 WL 1898704, at *3 ("Using the skill level definitions in 20 CFR 404.1568 and 416.968, unskilled work corresponds to an SVP of 1–2; semi-skilled work corresponds to an SVP of 3–4; and skilled work corresponds to an SVP of 5–9 in the DOT."). The SSA recognizes that, while "[o]ccupational evidence provided by a VE . . . generally should be consistent with the occupational information

---

[2]     The DOT is a publication of the U.S. Department of Labor that "provides 'information about jobs (classified by their exertional and skill requirements) that exist in the national economy.'" *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603 (6th Cir. 2009) (quoting 20 C.F.R. § 416.969). ALJs may "take administrative notice of reliable job information" in the DOT and various other publications when making disability determinations. 20 C.F.R. §§ 404.1566(d), 416.966(d).

[3]     SVP ratings, which are determined by the Department of Labor, "indicate[ ] how long it takes a worker to learn to perform his or her job at an average performance level. . . . An SVP 1 indicates a short demonstration is required to learn a job while a[n] SVP 2 may require[ ] training of up to one month." *Oliver v. Colvin*, Civ. Action No. 6:14-104, 2014 WL 6065849, at *1 n.3 (E.D. Ky. Nov. 12, 2014).

supplied by the DOT[,]" conflicts between VE testimony and the DOT can and do arise. SSR 00-4P, 2000 WL 1898704, at \*2; *see also Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603 (6th Cir. 2009) (acknowledging that "[o]n occasion, a VE's testimony conflicts with the information set forth in the DOT"). "In an effort to insure that such actual or apparent conflicts are addressed, the [SSA] has imposed an affirmative duty on ALJs to ask the VE if the evidence that he or she has provided 'conflicts with [the] information provided in the DOT.'" *Lindsley*, 560 F.3d at 603 (second alteration in original) (quoting SSR 00-4p, 2000 WL 1898704, at \*4). Specifically, when a VE "provides evidence about the requirements of a job or occupation," an ALJ must:

> Ask the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT; and

> If the VE's . . . evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

SSR 00-4p, 2000 WL 1898704, at \*4.

The administrative record shows that, consistent with SSR 00-4p, the ALJ asked Bullard if her testimony was consistent with the DOT and Bullard replied that it was, with one exception not relevant here. (AR 63.) Seagraves did not bring Bullard's SVP-level mistake to the ALJ's attention. *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006) (holding that, "[b]ecuase [the claimant] did not bring the conflict [with the DOT] to the attention of the ALJ, the ALJ did not need to explain how the conflict was resolved"). The Sixth Circuit has held that "[n]othing in S.S.R. 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct." *Lindsley*, 560 F.3d at 606 (quoting *Martin*, 170 F. App'x at 374). Seagraves therefore has not shown that the ALJ violated SSA regulations with respect to Bullard's testimony. Further, Seagraves has not responded to the Commissioner's argument that the ALJ effectively resolved the alleged conflict

9

by finding that the production assembler position was unskilled, indicating an SVP of one or two, which matches the level assigned by the DOT. (Doc. No. 19.)

## IV.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Seagraves's motion for judgment on the administrative record (Doc. No. 17) be DENIED and the ALJ's decision be AFFIRMED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 26th day of February, 2021.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge